CAROL A. LEWIS, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DAVID T. LEWIS, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket Nos. 18204-91, 18205-91
United States Tax Court
T.C. Memo 1992-76; 1992 Tax Ct. Memo LEXIS 82; 63 T.C.M. (CCH) 2011; T.C.M. (RIA) 92076; February 6, 1992, Filed *82 Orders and decisions will be entered for respondent Carol A. Lewis and David T. Lewis, pro se. John Altman, for respondent. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: These two cases were assigned pursuant to the provisions of section 7443A(b) and Rules 180-182 [1] for purposes of hearing respondent's motions to dismiss for failure to state a claim upon which relief can be granted as well as respondent's motions for damages. We will grant respondent's motions. Petitioners are part of a group of petitioners in the Seattle area who filed identical petitions and read identical statements to this Court upon the hearings on respondent's motions. Respondent determined deficiencies and additions to tax as follows: Petitioner Carol A. Lewis, Docket 18204-91: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1983
$ 3,140
$ 398
$ 157
50% of the   $ 74
interest due
on $ 1,590  1984
2,976
385
149
50% of the   74
interest due
on $ 1,538  1985
3,211
319
161
50% of the   46
interest due
on $ 1,275  6653(a)(1)(A)
6653(a)(1)(B)
1986
3,445
408
172
50% of the   58
interest due
on $ 1,633  1987
1,961
401
98
50% of the   83
interest due
on $ 1,605  6653(a)(1)
1988
1,729
386
86
--
99
*83 Petitioner David T. Lewis, Docket 18205-91: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1983
$ 3,140
$ 397
$ 157
50% of the   $ 74
interest due
$ 1,589     1984
2,976
385
149
50% of the   74
interest due
on $ 1,538  1985
3,211
319
161
50% of the   45
interest due
on $ 1,274  6653(a)(1)(A)
6653(a)(1)(B)
1986
3,445
408
172
50% of the   58
interest due
on $ 1,632  1987
1,961
401
98
50% of the   83
interest due
$ 1,604  6653(a)(1)
1988
1,729
386
86
--
99
Petitioners resided at Sultan, Washington, when they filed their petitions herein. The petitions filed by petitioners, who are husband and wife, are identical in nature. Each requests "dismissal of illegal assessment of fraudulent or understatement tax return penalties without a taxpayers return, and for lack of subject matter jurisdiction, for the years ending December 1984 through 1988." [2] The gist of petitioners' argument is that a notice of deficiency can only be issued to taxpayers who file tax returns, and that a taxpayer's *84 own return is required to invoke the jurisdiction of this Court. Petitioners go on to contend that they were not required to and did not file a tax return, or an estimated tax return for any of the years at issue. Petitioners did not contest that they received income for the years at issue. Their sole argument appears to be based upon the discreditable theory that the system of income taxation in this country is voluntary in nature. Prior to the hearing herein, the Court held a chambers conference with both petitioners and respondent in order that petitioners might be fully informed that the Court considered their petitions to be frivolous, and that if they persisted in such arguments the Court would be inclined to impose sanctions under the provisions of section 6673. Petitioners, in open Court, acknowledged that the Court had duly warned them that their *85 petitions were frivolous and failed to state a cause of action. Nevertheless, petitioners persisted in their frivolous arguments that our taxation system is voluntary in nature, that self-assessment is required before a notice of deficiency can be issued, and that petitioners had not chosen to self-assess their taxes. Petitioners went on to argue that there can be no deficiency in tax until there has been an assessment. Petitioners' arguments are no more than stale tax protestor contentions long dismissed summarily by this and all other Courts which have heard such contentions. Our system of taxation is not voluntary in nature. See, e.g., . Petitioners had an obligation to file Federal income tax returns in each of the years at issue, and their failure to meet their obligations does not serve to insulate them from the issuance by respondent of a notice of deficiency. See, e.g., . There is simply no point to an extended discussion of the law in this regard. As we stated in , affd. *86 : The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions.
Respondent's motions to dismiss for failure to state a claim are well taken. We note in particular that petitioners do not contest that they earned the income in question, and they admit that they did not file tax returns. Our Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Neither petitioner has satisfied this standard. The facts upon which they rely are not facts, but rather their mistaken legal theory of the basis for their claim. Neither petitioner has asserted any justiciable errors of law or fact in respondent's determinations. *87 We further note that Rule 34(b)(4) provides "Any issue not raised in the assignment of errors shall be deemed to be conceded." The determinations by respondent in the notices of deficiency are presumed correct; the burden of proof is on petitioners to show those determinations are incorrect. Rule 142(a); ; , affg. . There are no justiciable issues for trial in either case, and petitioners have failed to state a claim upon which relief can be afforded. Accordingly, their petitions will be dismissed. We turn now to respondent's motions for damages under the provisions of section 6673. We went to great pains to advise petitioners prior to the hearing herein that their positions were frivolous in nature, and that if they persisted in them we would impose sanctions to the United States. Each petitioner, however, chose to adhere to their preconceived view. "Fere libenter homines id quod volunt credunt." [3] These petitions are frivolous and groundless and were filed primarily for purposes of delay. Accordingly, *88 we will grant respondent's motions and require each petitioner to pay a penalty to the United States in the amount of $ 4,000. Orders and decisions will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. We note that both notices of deficiency determined deficiencies for petitioners' 1983 taxable year. We consider that they have not placed that year at issue.↩
3. "Men willingly believe what they wish." Julius Caesar, "De Bello Gallico", I. iii. 18.↩